UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHARON E. GABRENYA,

        Plaintiff,

                                      Civil Action 2:12-cv-1217
    v.                               Judge James L. Graham
                                      Magistrate Judge Elizabeth P. Deavers

MANAGED DISABILITY PLAN, *et. al*,

        Defendants.

**OPINION AND ORDER**

        This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Plaintiff, Sharon Gabrenya, brings this action against Defendants, Managed Disability Plan ("MDP") and Metropolitan Life Insurance Company ("MetLife") (collectively "Defendants"), to recover full benefits for which Plaintiff is eligible under the Managed Disability Plan (the "Plan") governed by 29 U.S.C. § 1132(a)(1)(B). This matter is before the Court for consideration of Plaintiff's Motion for Discovery (ECF No. 22), Defendants' Opposition to Plaintiff's Motion (ECF No. 23), and Plaintiff's Reply (ECF No. 24). For the reasons that follow, Plaintiff's Motion for Discovery is **DENIED**.

**I.**

        This case involves Plaintiff's two claims of Short Term Disability ("STD"). Plaintiff filed her first STD claim on May 31, 2012, asserting that she could not work due to degenerative disc disease, back pain, fatigue, chronic pain, and depression. (Gabrenya Claim File, ECF No. 22-2.) Defendants denied Plaintiff's first STD claim due to a lack of supporting medical

documentation. Plaintiff appealed the denial on June 21, 2012, and submitted additional documentation. Defendants denied this appeal.

Plaintiff filed her second STD claim on September 10, 2012, following an extensive shoulder surgery performed on August 16, 2012. Plaintiff asserts that she could not work until October 1, 2012, as a result of the surgery and recovery process. Defendants denied Plaintiff's second STD claim for failure to timely submit her claim. In support of their denial, Defendants rely upon a provision in the Plan requiring a claimant to report a STD claim to MetLife "on or before the eighth consecutive calendar day beginning with and including [her] first day absent from work" and allowing for a "once-per-employee's-lifetime-8-day extension." (Summary Plan Description 8, ECF No. 22-4.)

Plaintiff filed the subject Motion to Compel on October 11, 2013, seeking a Court order compelling Defendants to produce the "list of medical procedures causing a presumption of disability" as referenced in MetLife's Summary Plan Description. (Pl.'s Mot. 8, ECF No. 22.) Plaintiff refers to the following language from the Summary Plan Description in support of her Motion: "[y]ou will automatically be considered unable to perform the Essential Functions of Your Occupation for pre-determined durations following certain medical procedures as determined and administered by MetLife from time to time." (Summary Plan Description 8, ECF No. 22-4.) Although in her original Motion she asserted MetLife must have referred to the document during the administrative process, Plaintiff concedes that MetLife did not rely upon the guidelines she seeks in making its decision to deny her claims. Plaintiff nevertheless argues that the requested information is relevant and therefore discoverable as part of the administrative record pursuant to 29 C.F.R. § 2560.503-1(m)(8) because she repeatedly requested that MetLife

consider the information. She further asserts that the information is necessary to demonstrate whether Defendants complied with administrative processes. Plaintiff also maintains that the information constitutes a statement of policy or guidance with respect to the Plan. In Plaintiff's Reply, she additionally argues that the information at issue constitutes a plan document under 29 U.S.C. § 1024(b)(4) and is therefore discoverable. More specifically, Plaintiff maintains that the list of presumptive disabilities she seeks is an instrument under which the Plan is operated and therefore must be produced as a plan document.

Defendants counter that discovery is not warranted in this case under § 2560.503-1(m)(8) because MetLife did not consider or rely upon the list of medical procedures causing presumptive disability during their review and determination of Plaintiff's claims. Defendants explain that Plaintiff's first claim for STD did not involve a medical procedure and that MetLife denied her second claim because it was filed out of time. Defendants further assert that the requested information is also not necessary to demonstrate compliance with administrative processes, nor is it a statement of policy with respect to the Plan. Finally, Defendants maintain that the information solicited by Plaintiff constitutes an internal guideline rather than a plan document and is therefore not discoverable under § 1024(b)(4).

## II.

The Federal Rules of Civil Procedure generously permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). In adjudicating the merits of an ERISA denial of benefits claim, a district court cannot, however, consider evidence outside of the administrative record. *Wilkins v. Baptist Healthcare Sys. Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). Consequently, matters outside the record are

generally not relevant or discoverable.  *See id*.; Fed. R. Civ. P. 26(b)(1).  "An exception is recognized, however, when evidence outside the record 'is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.'"  *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (quoting *Wilkins*, 150 F.3d at 619).  In instances involving such challenges, evidence outside the record may be relevant and discoverable.  *Id*.; Fed. R. Civ. P. 26(b)(1).

Every employee benefit plan must provide claimants with a "reasonable opportunity for a full and fair review of a claim and adverse benefit determination."  29 C.F.R. § 2560.503-1(h)(2).  As part of the full and fair review, the plan administrator must provide the claimant with the administrative record upon the claimant's appeal of an adverse benefit determination.  29 C.F.R. § 2560.503-1(h)(2)(iii).  The administrative record includes all "documents, records, and other information relevant to the claimant's claim for benefits."  *Id.*  Relevant documents include any "document, record, or other information . . . relied upon . . . submitted, considered, or generated in the course of making a benefit determination . . . [or that] [d]emonstrates compliance with the administrative processes or safeguards required . . . ."  29 C.F.R. § 2560.503–1(h)(2)(iii) and (m)(8).

In addition, under ERISA's disclosure provisions, the plan administrator "shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, plan description and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."  29 U.S.C. § 1024; *see also Cultrona v. Nationwide Life Ins. Co.*, 936 F. Supp. 2d

4

832, 853 (N.D. Ohio 2013) (noting that the administrator does not have a duty to provide the claimant with all documents relevant to her claim, but does have a duty to provide the claimant with plan documents upon his or her written request.).  Congress enacted this disclosure provision to ensure that "the individual participant knows exactly where he [or she] stands with respect to the plan."  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118 (1989) (quoting H.R. Rep. No. 93-533, p. 11 (1973)).

Plan documents include "instruments under which the plan is established or operated." 29 U.S.C. §1024.  The Sixth Circuit has advised that the scope of the ERISA disclosure provision is "limited to those class of documents which provide a plan participant with information concerning how the plan is operated."  *Allinder v. Inter–City Prods. Corp.,* 152 F.3d 544, 549 (6th Cir. 1998); s*ee also Cultrona*, 936 F. Supp. 2d at 853 (noting that the scope of § 1024(b)(4) is not a "broad 'catch all'"); *Ames v. Am. Nat'l Can Co.,* 170 F.3d 751, 758 (7th Cir. 1999) (holding that the "other instruments" provision should be limited to "formal legal documents governing a plan" and explaining that "[i]f it had meant to require production of all documents relevant to a plan, Congress could have said so"); *Faircloth v. Lundy Packing Co.,* 91 F.3d 648, 653 (4th Cir. 1996) (holding that the "other instruments" provision "encompasses formal or legal documents under which a plan is set up or managed").

### III.

The Court first considers whether the information at issue is discoverable as a plan document under 29 U.S.C. § 1024(b)(4) before considering Plaintiff's alternative argument that the information is discoverable due to its relevance under  29 C.F.R. § 2560.503-1(m)(8).

Plaintiff is correct that, upon her request, MetLife was obligated to produce all Plan documents, including all instruments under which the Plan is operated. *See* 29 U.S.C. § 1024(b)(4). The Court, however, must interpret whether such instruments are plan documents narrowly and will not include documents "used in the ministerial day-to-day processing of individual claims." *Allinder*, 152 F.3d at 549. A number of courts have limited this provision to encompass only "formal legal documents that underpin the plan." *See Doe v. Travelers Ins. Co.*, 167 F.3d 53, 60 (1st Cir. 1999); *Faircloth*, 91 F.3d at 653; *Ames*, 170 F.3d at 759. "While it may prove informative for Plaintiff to obtain all documents requested, ERISA does not mandate disclosure of all documents that might be useful to a plan participant. Rather, it requires disclosure only of that 'class of documents which provide a plan participant with information concerning how the plan is *operated*.'" *Hollowell v. Cincinnati Ventilating Co., Inc.*, 711 F. Supp. 2d 751, 764 (E.D. Ky. 2010) (quoting *Allinder*, 152 F.3d at 549) (emphasis in original).

The Court concludes that the information Plaintiff seeks is not a Plan document under § 1024(b)(4). Although the language in in the Summary Plan Description provides that claimants will "automatically" be considered disabled following certain procedures, the Description further delineates that those procedures and the duration of disability are "as determined and administered by MetLife from time to time." (Summ. Plan Descrip., ECF No. 22-4.) Given that MetLife has explicitly reserved the right to determine and administer the medical procedures that qualify, the Court determines that this provision does not legally obligate MetLife with respect to the referenced-medical procedures and is merely an interpretive tool. *See Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 797 (7th Cir. 2009) (acknowledging that "a number of courts have concluded that internal guidelines or memoranda that a claims administrator uses in deciding

whether or not a claim for benefits falls within the coverage of a plan do not constitute 'other instruments under which the plan is established or operated'" because while those documents may be relevant to a plan beneficiary's entitlement to benefits, "as internal interpretive tools they are not binding on the claims administrator and therefore do not formally govern the operation of the plan").  The information Plaintiff seeks is therefore not discoverable under § 1024(b)(4).

Plaintiff's reliance upon the Department of Labor Advisory Opinion 96-14A and *Bio-Medical Applications of Kentucky, Inc. v. Coal Exclusive Company, L.L.C.*, 782 F.Supp. 2d 438 (E.D. Ky. 2011), is misplaced.  Both the Advisory Opinion and *Bio-Medical*, which relied upon the Advisory Opinion, involved the schedules of "usual and customary fees."  D.O.L. Advisory Op. 96-14A at 1; *Bio-Med.*, 782 F.Supp. 2d at 443.  In these instances, claims administrators applied these specified schedules to determine the dollar amounts they would pay for claims.  Advisory Op. 96-14A at 2; *Bio-Med.*, 782 F.Supp. 2d at 443.  In contrast, here, the guidelines Plaintiff seeks constitute interpretive tools to be "determined and administered by MetLife from time to time." (Summary Plan Description 8, ECF No. 22-4).  Regardless, as set forth above, the Sixth Circuit has construed § 1024(b)(4) to require production of only "those class of documents which provide the participant with information concerning how the plan is *operated*. *Allinder*, 152 F. 3d at 549.  *Cf. Ferree v. Life Ins. Co. of N. Am.*, No.1:05CV2266, 2006 WL 205012, *5 (M.D. Fla. Oct. 14, 2011) (rejecting Advisory Opinion 96-14A as "contrary to the outcome required by rules of statutory construction."); *Castro v. Hartford Life & Acc. Ins. Co.*, No. 5:11-CV-466-OC-34TBS, 2011 WL 4889174, *5 (M.D. Fla. Oct. 14, 2011) (rejecting Advisory Opinion 96-14A and holding that the claimant's request for claims manuals and guidelines fell

outside the scope of § 1024(b)(4)).  The interpretive guidelines Plaintiff seeks certainly do not speak to and cannot inform her as to how the Plan operates.

The Court next turns to Plaintiff's argument that the information is relevant to her claim and must be produced under 29 C.F.R. § 2560.503-1(m)(8).  As set forth above, the Department of Labor's regulations require only the production of guidelines actually "relied upon" or "submitted, considered, or generated" in reviewing a claimant's claim for benefits.  *See Byrd v. Metro. Life Ins. Co.*, No. 3:07-CV-206, 2008 WL 974787, at *2 (E.D. Tenn. Apr. 9, 2008) (*citing* 29 C.F.R. § 2560.503-1(m)(8)) (declining to compel production of the administrator's guidelines where the claimant offered no evidence suggesting that the guidelines were considered and where the administrator submitted a declaration from its representative stating that based upon his review of the administrative record and discussions with the individual reviewers, the guidelines were not used to adjudicate the claimant's claim); *McQueen v. Life Ins. Co. of North Am.*, 595 F.Supp. 2d 752, 755 (E.D. Ky. Jan. 27, 2009) (declining to compel production of claims-handling guidelines, procedures, and a reference copy of the company plan for any purpose other than to provide details of defendant's conflict of interest and stating, "it is not necessary that the plaintiff have copy of the guidelines that were not used" in order to make the argument that defendant's failure to consider the guidelines is a factor that may weigh in favor of a finding that defendant's decision was arbitrary); *Thies v. Life Ins. Co. of N.A.*, 768 F.Supp. 2d 908, 914 (W.D. Ky. Feb. 4, 2011) (declining to compel production of an "Accidental Death and Disability Resource" upon the defendant's sworn affidavit that these items were not used or considered in the review of the plaintiff's claim).

Plaintiff concedes that MetLife did not rely upon the guidelines at issue in making its benefit decision. Instead, she contends that "by repeatedly asking for the [guidelines] during the administrative processing of her claim," the information was necessarily "considered" by Defendants, making the guidelines relevant. (Pl.'s Mot. 10, ECF No. 22.) Defendants counter that, under Plaintiff's interpretation, a claimant could render guidelines or other internal memoranda relevant and discoverable simply by asking for them, even if an administrator never used the documents in making the benefits determination.

Defendants' point is well taken. Plaintiff's suggested interpretation would contravene ERISA's goal of expeditious claim review and the general prohibition of discovery outside the administrative record. *See Perry v. Simplicity Eng'g, a Div. of Lukens Gen. Indus., Inc.*, 900 F.2d 963, 967 (6th Cir. 1990) ("A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal.") (internal citations omitted); *Wilkins*, 150 F.3d at 619 (holding that a district court cannot generally rely on evidence other than what is contained in the administrative record).

Because Defendants did not rely upon, submit, consider, or generate the guidelines at issue in making their determination to deny Plaintiff's claims, she is not entitled to discovery of the guidelines under 29 C.F.R. § 2560.503-1(m)(8).

## IV.

For the reasons set forth above, Plaintiff's Motion for Discovery is **DENIED**. (ECF No. 22.)

**IT IS SO ORDERED**.


Date: November 20, 2013                    /s/ *Elizabeth A. Preston Deavers*
                                        Elizabeth A. Preston Deavers
                                        United States Magistrate Judge

**IT IS SO ORDERED**.


Date: November 20, 2013                    /s/ *Elizabeth A. Preston Deavers*
                                        Elizabeth A. Preston Deavers
                                        United States Magistrate Judge